# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JULIE ROBERT

VERSUS

HARRY PAUL ROBERT, II

NO. 2025 CW 0629

**JULY 29, 2025**

---

In Re:   Julie Robert, applying for supervisory writs, Family
         Court Judicial District Court, Parish of East Baton
         Rouge, No. 189174.

---

**BEFORE:   McCLENDON, C.J., GREENE AND STROMBERG, JJ.**

   **STAY DENIED; WRIT DENIED.**

HG
TPS

   **McClendon, C.J.,** agrees in part and dissents in part. I agree
that the stay should be denied. However, I would reverse the
family court's May 27, 2025 judgment ordering the minor child to
attend Catholic High School. La. R.S. 9:335(B)(3) provides in
pertinent part that "[a]ll major decisions made by the domiciliary
parent concerning the child shall be subject to review by the court
upon motion of the other parent. It shall be presumed that all
major decisions made by the domiciliary parent are in the best
interest of the child." "The burden of proving they are in fact
not in the best interest of the child is placed on the
nondomiciliary parent who opposes the decision." **Lawson v. Lawson,**
48,296 (La. App. 2d Cir. 7/24/13), 121 So.3d 769, 773. In this
matter, the parties agreed to a stipulated judgment providing that
decisions submitted to an arbitrator would be binding, and the
arbitrator's decision would function as a domiciliary parent's
decision. Further, the stipulated judgment provided that any
parent challenging the arbitrator's decision would do so in the
posture of a non-domiciliary parent. Accordingly, I would find
the family court abused its discretion because it did not apply
the proper presumption to the arbitrator's decision and would
affirm the arbitrator's decision that the minor child attend
Parkview High School.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
   FOR THE COURT